IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor, United States<br>Department of Labor<br><br>               Plaintiff,<br><br>v.<br><br>CAMPBELL STREET AUTOMOTIVE,<br>INC. d/b/a RICK'S AUTOMOTIVE and<br>RICHARD HUGHLETT,<br><br>               Defendant. | Case No. 6:21-cv-03037-MDH |

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses. (Doc. 10). Plaintiff moves to strike paragraphs 12, 14, and 17-23 of Defendants' Answer pursuant to Fed. R. Civ. P. Rule 12(f). (Doc. 7). For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

On February 17, 2021, the Secretary filed a complaint against Defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to enforce the FLSA's overtime compensation and recordkeeping provisions. (Doc. 1). The Secretary seeks a judgment finding Defendants liable for the unpaid overtime compensation due to Defendants' employees, liquidated damages equal in amount to the unpaid compensation, and an injunction enjoining Defendants from violating the FLSA. *Id.* Defendants filed an answer including "additional affirmative averments and defenses" on April 20, 2021. (Doc. 7). In paragraph 12, Defendants state "Plaintiff's Complaint fails to state a claim on which relief can be granted." *Id.* at 4. In paragraphs 21-22, Defendants state they are seeking attorneys' fees and costs pursuant to

1

29 U.S.C. § 2412(b), (d)(1)(A), and (d)(1)(B). *Id.* at 6. In paragraph 23, Defendants seek to "reserve the right to add such further affirmative averments and defenses in response to Plaintiff's Complaint as may be otherwise appropriate or become necessary as discovery is conducted, and after discovery is completed in this Case." *Id.* Paragraphs 14 and 17-20 are statements negating the allegations in Plaintiff's Complaint and Plaintiff's relief. *Id.* at 4-6.

## STANDARD

Fed. R. Civ. P. 12(f), provides that "upon motion . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Judges have "liberal discretion" in striking pleadings under Rule 12(f). *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). A motion to strike "should be granted if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." *Boilermaker-Blacksmith Nat'l Pension Tr. v. Elite Mech. & Welding, LLC*, No. 5:20-CV-06021-SRB, 2020 WL 2843230, at *2 (W.D. Mo. June 1, 2020).

Striking a pleading is considered an "extreme measure" that is "viewed with disfavor and infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). A motion to strike should be denied where "the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford*, 570 F.2d at 229. Even when striking a defense is technically proper, courts are reluctant to do so in the absence of prejudice to the moving party. *See U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, No. 4:11-CV-0590-FJG, 2012 U.S. Dist. LEXIS 128230, 2012 WL 3961228, at *1 (W.D. Mo. Sept. 10, 2012); *CitiMortgage, Inc. v. Draper & Kramer Mortgage Corp.*, No. 4:10-CV-1784 FRB, 2012 U.S. Dist. LEXIS 128755, 2012 WL 3984497, at *2 (E.D. Mo. Sept. 11, 2012). "If there is any doubt whether the matter may

2

raise an issue, the motion to strike should be denied." *U.S. ex rel. Kraxberger*, 2012 U.S. Dist. LEXIS 128230, 2012 WL 3961228, at *1.

## DISCUSSION

1. **Defendants' averments seeking attorneys' fees and costs**

Paragraphs 21 and 22 of Defendants' Answer seeks costs, attorneys' fees, and expenses pursuant to the Equal Access to Justice Act ("EAJA"). Plaintiff argues that Defendants' claim under the EAJA is premature and procedurally improper, and therefore should be stricken.

The EAJA authorizes payment of reasonable attorney's fees to a "prevailing party" in an action against the United States after a showing the United States acted in bad faith or without substantial justification. *See* 28 U.S.C. §§ 2412(b) and (d). The statute outlines three requirements: (1) an application within thirty days; (2) a final judgment; and (3) a prevailing party. Here, this matter is in the early stages of litigation with no final judgment, and Defendants cannot claim they are a prevailing party.

Paragraphs 21 and 22 of Defendants' Answer are both conditioned "upon judgment being issued by the Court in favor of Defendants in this Case." While the claims are certainly premature, Defendants' improper designation in no way prejudices Plaintiff in this case. Therefore, the Court **DENIES** Plaintiff's motion to strike paragraphs 21 and 22 of Defendants' Answer. *See Joe Hand Promotions, Inc. v. Ridgway*, Case. No. 6:14-cv-03401-MDH, 2015 U.S. Dist. LEXIS 37370 (W.D. Mo. 2015).

2. **Defendants' failure to state a claim defense**

Defendants' affirmative defense stated in paragraph 12 states: "Affirmatively pleading, Defendants aver that Plaintiff's Complaint fails to state a claim on which relief can be granted." Plaintiff argues that this defense should be stricken as improper and imprecise. Fed. R. Civ. P.

12(b)(6) lists "failure to state a claim upon which relief can be granted" as a "defense," and Fed. R. Civ. P. 12(h)(2)(A) states that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . in any pleading allowed . . . under Rule 7(a)," which includes "an answer to a complaint."

Although the Court questions whether this defense is an affirmative defense as opposed to a general denial, the Court finds that Defendants are entitled to assert the substance of this defense in their answers. *See FTC v. BF Labs Inc.*, Case No. 4:14-cv-00815-BCW, 2015 U.S. Dist. LEXIS 184242 (W.D. Mo. 2015), at *7. The Court finds no prejudice to Plaintiff and declines to strike this defense. Plaintiff's motion to strike paragraph 12 of Defendants' Answer is therefore **DENIED**.

### 3. Defendants' attempt to reserve a unilateral right to amend

In paragraph 23 of Defendants' Answer, Defendants seek to generally reserve a right to assert additional affirmative defenses as "appropriate or become necessary as discovery is conducted, and after discovery is completed…". Regardless, in the event Defendants desire to assert an affirmative defense in the future, it must accord with Fed. R. Civ. P. Rule 15. However, striking the statement at this point in the case would serve no real purpose because Defendants retain the right to seek leave to amend under the federal rules. *See id*. Plaintiff's motion to strike paragraph 23 of Defendants' Answer is **DENIED**.

### 4. Defendants' other affirmative averments and defenses

Plaintiff argues that Defendants' averments in paragraphs 14 and 17-20 of their Answer should be stricken because they are not affirmative defenses, but rather redundant denials of Plaintiff's allegations. The relevant paragraphs state:

> 14. Affirmatively pleading, Defendants aver that no facts exist which would entitle Plaintiff to equitable relief against Defendants in this Case, injunctive or otherwise.

17. Affirmatively pleading, Defendants avert that Plaintiff is not entitled to an award of liquidated damages in this Case.
18. Affirmatively pleading, Defendants aver that Plaintiff is not entitled to an award of pre-judgment interest in this Case.
19. Affirmatively pleading, Defendants aver that Plaintiff is not entitled to a Court Order requiring Defendants to locate any employees affected by the allegations contained in the Complaint, or to distribute any amounts supposedly due to any said employees in this Case.
20. Affirmatively pleading, Defendants aver that Plaintiff is not entitled to recover post-judgment interest in this Case.

While the Court agrees that these defenses are likely more properly characterized as negative defenses and that they are generally redundant, Plaintiff has not shown prejudice. Furthermore, striking these statements is not necessary as they do not require any party to engage in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome. *See Schmidt v. Hosley Int'l, Inc., No. 4:15-CV-614-CEJ, 2015 WL 4134338, at *2 (E.D. Mo. July 8, 2015)*. Plaintiff's motion to strike paragraphs 14 and 17-20 of Defendants' Answer is **DENIED**.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Strike (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 9, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**